IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   04-cv-954-WDM-MJW

WACHOVIA SECURITIES, LLC.

Plaintiff(s),

v.

GARY STEPHEN HAMILTON,

Defendant(s).

_____

## ORDER ON MOTION TO VACATE ARBITRATION AWARD
_____

Miller, J.

This matter is before me on Plaintiff's motion to vacate an arbitration award,
filed May 10, 2004.  I have reviewed the parties' written arguments and tendered
evidence and conclude oral argument is not required.  For the reasons stated below,
the motion will be denied.

### Background

Defendant Gary Hamilton was hired by First Union Securities (which was later
acquired by defendant Wachovia Securities) in early February 2001.  As part of his
compensation, he was given a forgiveable loan in the amount of $325,000, for which
he signed a promissory note in January 2001.  The loan provided that for each year
he remained employed with First Union, one-fifth of the amount of the loan (including
principal and accrued interest) would be forgiven; however, if his employment
terminated for any reason, the full amount of any unpaid balance was to become due

and payable immediately.  On March 14, 2001, after forty-five days of employment, Hamilton was terminated.  The parties dispute the reason for his termination: Wachovia claims that it became aware that the State of Colorado required "heightened supervision" of Hamilton due to several customer complaints; Hamilton asserts,  variously, that he was terminated for bad faith reasons, including Wachovia's desire to escape an unfavorable compensation arrangement, for "political reasons", and to misappropriate his book of business.

Wachovia waited until August 8, 2002 to demand payment from him.  Hamilton refused to pay, and the matter was submitted to arbitration before a panel of the New York Stock Exchange (NYSE).  In his answer to Wachovia's statement of claim before the panel, Hamilton asserted affirmative defenses including the following: the claims are barred by (1) Wachovia/First Union's breach of duty of good faith and fair dealing; (2) the doctrines of waiver and estoppel; (3) the doctrine of unclean hands; (4) Wachovia/First Union's bad faith and violation of industry rules and practices; (5) the doctrine of unconscionability; (6) the fact that officers and employees of First Union conspired to terminate brokers who had accepted employment relying on payment arrangements that turned out to favor the brokers.

After hearing oral argument, on February 3, 2004, the NYSE Arbitration panel issued a decision dismissing Wachovia's claim without providing any rationale. Wachovia now moves, pursuant to Section 10 of the Federal Arbitration Act (FAA), 9 U.S.C. § 10, for an order vacating the arbitration award.

Under Section 10, a court may make an order vacating the award upon the

application of any party to the arbitration:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. 10(a).

Additionally, in this Circuit, I may vacate an arbitration award if I find that the arbitration panel's decision was in "manifest disregard of the law." The latter is a "judicially crafted exception to the general rule that arbitrators' erroneous interpretations or applications of law are not reversible." *Bowen v. AMCO Pipeline Co.*, 254 F.3d 925, 932 (10th Cir. 2001) (internal quotation omitted). The Tenth Circuit has generally interpreted manifest disregard of the law as meaning a "willful inattentiveness to the governing law," therefore requiring a showing in the record that the arbitrators know the law and explicitly disregarded it. *Id.* However, it has also indicated that manifest disregard of the law may be found in circumstances where an arbitration panel ignores the plain language of a contract. *Jenkins v. Prudential-Bache Sec., Inc.*, 847 F.2d 631, 634 (10th Cir. 1988). In such circumstances, where the arbitration award does not "draw[] its essence from the contract of the parties," vacating the award may be proper. *Id.* at 634-635 (*quoting Sterling Colo. Beef Co. v. United Food & Comm. Workers*, 767 F.2d 718, 720 (10th Cir. 1985)).

3

Here, the NYSE arbitration panel provided no rational for its decision, which does not itself render the award invalid.  *See Wilko v. Swan*, 346 U.S. 427, 436 (1953), *overruled on other grounds by Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477 (1989).  The arbitrator has no duty to explain his reasoning even though a court in my position might prefer otherwise.  Indeed, to allow me to make assumptions and perhaps substitute my own judgment whenever the award is not explained "would improperly subvert the proper functioning of the arbitral process . . . ."  *Stroh Container Co. v. Delphi Indus.*, 783 F.2d 743, 750 (8th Cir. 1985).

As to its arguments, Wachovia first argues that to the extent the panel found it was not entitled to relief based upon the plain language of the promissory note, it acted with manifest disregard of the law.  I agree that the language of the promissory note contains no ambiguities that would excuse Hamilton's obligation to repay it.  *See Sterling*, 767 F.2d at 720 (court may interfere with arbitrator's decision if "it can be said with positive assurance that the contract is not susceptible to the arbitrator's interpretation").  However, Hamilton asserted a variety of affirmative defenses to enforcement of the note, which may be viable despite the plain language of the note.

Next, Wachovia argues that, to the extent the panel decided to set-off the amount Hamilton owed under the note, such was improper because: (1) Hamilton did not assert any cross-claims; and (2) even if he had, under Colorado law, an employee may not obtain damages (at least in tort) for a breach the duty of fair dealing and good faith.  *See Decker v. Browning-Ferris Indus. of Colo., Inc.*, 931 P.2d 436, 445 (Colo.

1997).  Nonetheless, even if Wachovia's arguments are legally sound, it has made no showing that the arbitration panel was aware of the applicable law.  *See Bowen*, 254 F.3d at 939 (*quoting ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir. 1995)) ("[s]hort of some evidence of 'willful inattentiveness to the governing law,' we may not question [the arbitrators'] conclusions").  *See also Stroh Container Co.*, 783 F.2d at 750 (manifest disregard for the law "must be made clearly to appear . . . and may be found when arbitrators understand and correctly state the law but proceed to disregard the same") (internal quotations omitted).

Furthermore, aside from the set-off issue, Wachovia presents no argument why Hamilton's affirmative defenses failed, and likewise, provides no evidence that the arbitration panel was aware of the law governing these affirmative defenses' application to its claim.  *See id.*  There may be clear authority that a party may not seek to avoid liability for a promissory note based upon the affirmative defenses asserted by Hamilton under Virginia law[1] or alternatively, that even were the note unenforceable, Wachovia should be entitled to recover under a theory of unjust enrichment.  However, absent Wachovia demonstrating that the panel was aware of such authority, I may not vacate the award.  *Id.*

Accordingly, it is ordered:

1.     Plaintiff's petition to vacate arbitration award, filed May 10, 2004 (Docket # 1), is denied.

---

[1]The promissory note states that it is governed by the law of Virginia.  (Anderson Aff., Ex.  3A.)

5

2.      This case is dismissed with prejudice.

3.      Defendant may have his costs.

DATED at Denver, Colorado, on October 27, 2005.

BY THE COURT:


/s/ Walker D. Miller
United States District Judge